THE STATE OF FLORIDA ex rel. MARY GLISSON, *Relator*, v. THE BOARD OF PUBLIC INSTRUCTION FOR THE COUNTY OF DUVAL, STATE OF FLORIDA, a corporation, W. F. BUNCH, J. C. COPPEDGE, SR., and R. C. BROWNING, as members of the said Board, and W. F. BUNCH, as Chairman thereof, *Respondents*.

En Banc.

Opinion filed June 25, 1929.

*Thomas B. Adams* and *Morton H. Long*, for Relator;

*James Royall* and *W. J. Findley*, for Respondents.

BUFORD, J.—This case came on for hearing upon demurrer to and motion to quash the alternative writ of mandamus issued herein on the 15th day of April.

It is not necessary to set out in full the allegations of the alternative writ, but it will be sufficient to say that the writ was issued on the petition of the State ex rel. Mary Glisson and it was alleged that Mary Glisson on the first day of July, 1928, was by verbal contract with the Board of Public Instruction of Duval County, a body corporate, employed as Secretary and Office Clerk of the County Superintendent of Public Instruction of Duval County, Florida, drawing a salary of Twenty-one Hundred ($2100.00) Dollars for the ensuing school term ending June 30, 1929; the salary to be paid semi-monthly on the first and the 15th of each and every month during said period. It is alleged in effect that Mary Glisson accepted the employment and continued in the efficient performance of the duties of her said employment up to and including the 21st day of January, 1929, on which date she was arbitrarily, without cause and without prior notice, dismissed and discharged by the affirmative votes of Bunch and Coppedge, constituting a majority of the Board of Public In-

struction. It is further alleged in effect that the services to be performed by the relator were necessary for the proper functioning of the Board of Public Instruction in Duval County. It is alleged that the relator is entitled to the relief set forth in the command of the alternative writ as follows:

"Now, therefore, we being willing that full and speedy justice be done in the premises, do command you, The Board of Public Instruction for the County of Duval, State of Florida, a corporation, and you, W. F. Bunch, J. C. Coppedge, Sr., and F. C. Browning, as members of said board, at your next regular meeting after the serving of this writ, to forthwith restore the relator, Mary Glisson, to the position and employment of Secretary and Office Clerk of the County Superintendent of Public Instruction for the County of Duval, State of Florida, and permit her to perform all the duties appertaining to said position and employment, and that you, W. F. Bunch, as Chairman of said board, do forthwith prepare four (4) warrants in favor of the said Mary Glisson, each in the sum of One Hundred and no/100 Dollars ($100.00) drawn upon a depository of said board in the City of Jacksonville, Florida, where said board has sufficient funds in its salary account to pay said warrants, and that upon the preparation of said warrants that you, W. F. Bunch, sign the same as Chairman of said board, and thereupon forthwith deliver the said warrants to R. B. Rutherford, Superintendent of Public Instruction of said county, and Secretary of said board, for his counter signature and the affixing of the seal of said board to said warrants, or in default in performing the acts aforesaid, you severally do show cause why you have not done so before this Honorable Court in the

Supreme Court building, in the City of Tallahassee, Florida, at 10 o'clock A. M. on the 30th day of April, A. D. 1929, and have you then and there this writ.''

Many legal questions are raised by the demurrers interposed.

Most of which questions, however, are. such that do not apply to conditions such as those here under consideration.

The Court must take judicial cognizance that the terms of office of the members of the Board of Public Instruction of Duval County expired on Tuesday after the first Monday in January, 1929, and, therefore, the alleged contract alleged to have been made with the respondent contemplated employment for a period extending beyond the tenure of office of the personnel of the board entering into such contract.

The Court also takes judicial cognizance of the fact that the Board of Public Instruction is a body corporate created by statute and possessing only such powers as are conferred by statute or such powers as are necessarily incident to the performance of those functions for which said board was created.

The Court will further take judicial cognizance of the fact that the employment by the Board of Public Instruction in a county like Duval of a Secretary and Office Clerk in the office of the County Superintendent is within the power of the Board of Public Instruction as a necessary incident to the proper functioning of such board.

There is no statutory authority vested in the County Board of Public Instruction to enter into a *contract* with any person to perform the duties of Secretary and Office Clerk in the office of County Superintendent of Public Instruction *for any certain period of time*. Neither is such a contract shown or alleged to be a necessary incident or element of the employment of such a Secretary or Clerk.

The duties of such Secretary or Clerk are not prescribed by statute nor authority of law.

In the case of Clifton v. State, 76 Fla. 244, 79 So. R. 707, this Court speaking through Mr. JUSTICE ELLIS says:

"The County Superintendent of Public Instruction has no authority under the law to make a contract in behalf of the County Board of Public Instruction without the latter's express authority to pay stenographer in the Superintendent's office for services rendered to the latter either in his private or official character, that will create an obligation or duty on the part of the County Board of Public Instruction to pay such expense out of the county school funds. Whether the county board has the power to authorize the County Superintendent to employ a stenographer for any special purpose to be paid out of the county school fund not decided, because the indictment in this case neither states such to be the fact, nor for what purpose the stenographer was employed."

For the reason above stated the relator does not fall within any of those classes of officers of public employees who may have the benefit of writ of mandamus to restore them to the benefits of public office or public employment from which they have been removed without cause. Therefore, the demurrer to the alternative writ of mandamus should be sustained and the writ quashed. It is so ordered.

WHITFIELD, ELLIS AND STRUM, J. J., concur.

TERRELL, C. J., AND BROWN, J., dissent.

BROWN, J., (dissenting)—The board had in my opinion implied authority to make the contract. The personnel

of such boards change, but the lawful contracts of such a board are binding regardless of subsequent changes in the personnel of its membership. The relator could sue at law for the balance of salary due and to become due for the remaining period of her contract, but she could not obtain a judgment under which execution could be levied. Her only adequate and effective remedy is by mandamus. While not an officer, she was in the public service. The position she contracted for is vested with a public interest. It is not a suit to enforce a purely private contract. It is to the public interest that contracts for the employment of persons in the public service should be carried out in good faith, and not breached or terminated without just and lawful cause, regardless of changes in the personnel of governing boards; else the public service can hardly be expected to command the most competent and efficient class of employees. It is because a given employment is vested with a public interest, as a part of the machinery of government, that the remedy by mandamus has been extended to protect incumbents of various positions in such service as a remedy to enforce the compensation contracted for in pursuance of authority exercised in behalf of the public and vested by law in some public official or board of officials. Those holding positions under contract with a private, or even a quasi public corporation, are not entitled to this remedy, nor would they ordinarily need it. They can obtain a judgment for breach of contract which can be levied on the assets of such corporation. But such is not the case with those holding contracts for public service employment. Mandamus is their only adequate remedy.